IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **FLYING A PUMPING SERVICES, LLC,** § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> **OCCUPATIONAL SAFETY & HEALTH** § <br> **REVIEW COMMISSION,** § <br> § <br> **UNITED STATES DEPARTMENT OF** § <br> **LABOR,** § <br> § <br> **CYNTHIA L. ATTWOOD in her official** § <br> **capacity of Commissioner and Chairman of** § <br> **the Occupational Safety & Health Review** § <br> **Commission, and** § <br> § <br> **LORI CHAVEZ-DEREMER in her official** § <br> **capacity as Secretary of Labor,** § <br> § <br> *Defendants.* § | | **CIVIL ACTION NO. _____** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Plaintiff Flying A Pumping Services, LLC ("Flying A") brings this case to challenge the unconstitutional structure and process employed by the Occupational Safety and Health Review Commission ("OSHRC") to review a Citation issued by the Occupational Safety and Health Administration ("OSHA"), an agency of the United States Department of Labor ("DOL"). In a series of recent opinions, the Supreme Court has applied the separation of powers doctrine and struck down unconstitutional agency structures. Despite the Supreme Court's clear pronouncements, Congress has failed to amend the Occupational Safety and Health Act of 1970,

1

29 U.S.C. §651, *et seq.* ("OSH Act") to bring OSHRC in compliance with the minimum constitutional requirements. As a result, Flying A is being denied its constitutionally guaranteed right to due process of law before a constitutionally adequate tribunal.

2. Specifically, OSHRC's review proceedings are unconstitutional for the following reasons:

   a. Because claims for civil penalties under the Section 5(a)(1) of the OSH Act are akin to common law claims, Flying A is entitled to trial by jury; OSHRC's mandate of a trial before an administrative law judge violates the Seventh Amendment. *See Sec. & Exch. Comm'n v. Jarkesy*, 144 S. Ct. 2117, 2120 (2024).

   b. *Jarkesy* overruled *Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442 (1977) and, therefore, Flying A is entitled to a trial by jury as to alleged violations of Section 5(a)(2) of the OSH Act.

   c. The current scheme for the appointment of OSHRC's administrative law judges (29 U.S.C. § 661) violates the Appointments Clause in Article II of the United States Constitution. *See Lucia v. Sec. & Exch. Comm'n*, 138 S. Ct. 2044 (2018); *Freytag v. Commissioner*, 501 U.S. 868, 915 (1991).

   d. For cause removal of OSHRC Commissioners and administrative law judges violates the separation of powers doctrine. *See Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 216 (2020).

   e. Because OSHRC lacks a quorum, any action it takes is *per se* invalid and divests the Circuit Courts of Appeals of jurisdiction to review its decisions, thereby denying Flying A it's constitutionally guaranteed right to meaningful judicial review. *See New Process Steel v. N.L.R.B.*, 560 U.S. 674 (2010).

3. On February 12, 2025, OSHA issued Flying A one Citation alleging single violation of the OSH Act. *See* Exhibit 1 (the "Citation"). Flying A contested the Citation timely, and on March 26, 2024, the Secretary of Labor filed her complaint before OSHRC. Flying A is prepared to defend itself against the Citation. However, OCHRC's current administrative review scheme denies Flying A its constitutionally guaranteed substantive and procedural protections. Therefore, Flying A brings this action to enjoin OSHRC and the DOL from prosecuting Flying A before a constitutionally deficient tribunal.

## THE PARTIES

4. Plaintiff, Flying A is a limited liability company with its principal place of business located in Cisco, Texas.

5. Defendant, OSHRC is an independent administrative agency of the United States. Among other things, OSHRC is empowered to review Citations issued by OSHA alleging a violation of the OSH Act. *See* 29 U.S.C. §659(c).

6. Defendant, Cynthia L. Attwood is the sole active OSHRC Commissioner and is sued in her official capacity as a Commissioner of OSHRC.

7. Defendant, DOL is an agency of the United States.

8. Defendant, Lori Chavez-DeRemer is the acting Secretary of Labor and is sued in her official capacity (the "Secretary").

9. OSHRC, Cynthia L. Attwood, DOL, and Lori Chavez-Deremer are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

10. This action arises under the Constitution and laws of the United States, and this Court has federal question jurisdiction over this action pursuant to Article III of the Constitution and 28 U.S.C. § 1331.

11. Flying A's right to immediate judicial review in this Court with respect to Defendants' alleged conduct is based on the Due Process Clause of the Fifth Amendment and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 143 S. Ct. 890, 215 L. Ed. 2d 151 (2023).

12. Venue is proper under 5 U.S.C. § 703 and 28 U.S.C. § 1391(e)(1)(b).

## FACTS AND BACKGROUND

13. On or about August 12, 2024, a Flying A employee was working at a wellsite near Chickasha, Oklahoma. While the employee was performing pump maintenance, a high pressure hose ruptured killing the employee (the "Accident").

14. Flying A reported the Accident to OSHA in a manner consistent with 29 C.F.R. § 1904.39.

15. OSHA subsequently initiated an inspection, which Flying A fully cooperated.

16. On February 12, 2025, the DOL issued Flying A the Citation alleging a single willful violation of Section 5(a)(1) (the "General Duty Clause").

17. Flying A denies it violated the OSH Act. Among other defenses, Flying A asserts:

   a. The Occupational Safety and Health Review Commission lacks jurisdiction over this matter.

   b. The conditions alleged in the Citation and Complaint did not exist and the alleged conduct did not violate Section 5(a)(1) of the OSH Act

   c. Flying A did not know and could not have known with the exercise of reasonable care of the alleged hazardous conditions or that its employees would engage in conduct to expose them to same.

   d. Flying A lacked actual or constructive knowledge of the alleged violations.

   e. Flying A lacked fair and adequate notice that the conditions described in the Citation did not comply with the alleged standard.

   f. The alleged standards are unconstitutionally vague and do not provide adequate notice of the conduct that is required.

    g. Complainant cannot establish the requisite knowledge requirement in order to demonstrate the existence of any violation of the OSH Act.

18. On March 4, 2025, Flying A attended an Informal Conference with OSHA in an attempt to resolve the Citation. The parties were unable to reach an agreement.

19. To preserve its right to challenge the Citation, on March 6, 2025, Flying A filed its timely Notice of Contest in a manner consistent with 29 C.F.R. § 2200.33. The Secretary subsequently forwarded the Notice of Contest to OSHRC. OSHRC initiated a review proceeding and docketed the Notice of Contest. OSHRC assigned the proceeding docket number 25-0326. Simultaneously with this filing, Flying A participated in the OSHRC proceeding by taking defensive actions such as filing an Answer.

## SUMMARY OF ALLEGATIONS

20. OSHRC's current administrative review scheme denies Flying A its constitutionally guaranteed substantive and procedural protections. Therefore, Flying A demands a trial by jury or, in the alternative, a trial by an arbiter appointed in a manner consistent with the United States Constitution.

21. Declaratory and injunctive relief is necessary to prevent Flying A from being compelled to submit to an unconstitutional proceeding and from suffering further irreparable professional, reputational, and financial harm, all without constitutionally sufficient meaningful judicial review.

22. If the current unconstitutional administrative proceeding results in adverse findings against Flying A, the administrative law judge's and/or OSHRC's findings would be given substantial deference, entrenching the harm caused by OSHRC's unconstitutional proceedings.

23. Without the requested declaratory and injunctive relief, Flying A will suffer irreparable harm by being forced to undergo an expensive, time-consuming, reputation-destroying, unconstitutional proceeding. Limited judicial review after that unconstitutional proceeding cannot and does not provide meaningful relief for the constitutional violations at issue in this manner.

## OSHRC'S UNCONSTITUTIONAL STRUCTURE

24. Subject to Fourth Amendment limitations, the OSH Act expressly authorizes the Secretary of Labor or his or her authorized representative to enter, inspect and investigate workplaces, interview employees and managers, and obtain and review records and documents. 29 U.S.C. § 657.

25. If, following the inspection, the Secretary or his or her authorized representative believes an employer has violated the OSH Act, the DOL can issue citation(s). 29 U.S.C. § 658.

26. Following the receipt of a notice of a Citation, an employer has fifteen working days to contest the Citation by notifying the Secretary that it wishes to contest the Citation. 29 U.S.C. § 659. During those fifteen business days, employers and OSHA frequently engage in an Informal Conference, which is an attempt to resolve, or settle, the allegations set forth in the Citation. 29 C.F.R. § 1903.20.

27. Following the receipt of a Notice of Contest, the Secretary must immediately notify OSHRC which shall afford the employer a hearing in accordance with 5 U.S.C. § 554. 29 U.S.C. § 659(c).

28. Employer contests are heard by an administrative law judge appointed by the OSHRC who makes a determination and provides a report of his or her determination to OSHRC. 29 U.S.C. § 661(j). The Administrative Law Judge's report becomes a final order of OSHRC unless, within 30 days after the report is issued, any OSHRC Commissioner directs that the report

be reviewed by the Commission. *Id.* Final OSHRC orders are subject to limited judicial review by the Circuit Courts of Appeals and/or the United States Supreme Court. 29 U.S.C. § 660.

29. OSHRC is intended to be composed of three Commissioners appointed by the President with the advice and consent of the Senate. Commissioners serve six-year terms. 29 U.S.C. § 660(a). OSHRC Commissioners may only be removed by the President for "Inefficiency, neglect of duty, or malfeasance in office." *Id.* at 660(b). OSHRC may only act when a two-member quorum is present. *Id* at 661(f).

30. The Chairman of OSHRC appoints Administrative Law Judges. *Id.* at 661(e). Administrative Law Judges are subject to civil service rules that limit their ability to be removed. *Id.* at 661(k).

31. OSHRC's Administrative Law Judges do not preside over jury trials.

### A. OSHRC's Review Structure Violates Flying A's Seventh Amendment Right to Trial by Jury.

32. The Seventh Amendment to the United States Constitution Provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law. U.S. Const. amend VII.

33. The Supreme Court has interpreted the Seventh Amendment's operative phrase "Suits at common law" as requiring a jury trial in those civil cases that would have required one in the courts of England in 1791 - the year the Seventh Amendment was ratified. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376, (1996) (discussing "our longstanding adherence to this 'historical test'"); *Dimick v. Schiedt*, 293 U.S. 474, 476 (1935); *United States v. Wonson*, 28 F. Cas. 745, 750 (C.C.D. Mass. 1812) (No. 16,750). Generally, this determination hinges on whether a claim pursues vindication of legal rather than equitable rights. This includes statutory

claims that did not exist in 1791 where the statute provides for rights and remedies analogous to those that existed at common law or where the newly-created cause of action "serves the same essential function" of a historical common law action. *Pernell v. Southall Realty*, 416 U.S. 363, 375 (1974).

34. Tort claims, such as negligence, are legal actions. *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 710 (stating that the Seventh Amendment covers all actions that "sound basically in tort"). Likewise, "[a] civil penalty was a type of remedy at common law that could only be enforced in courts of law." *Tull v. United States*, 481 U.S. 412, 422 (1987).

35. However, when Congress concludes that the remedies available in courts of law are inadequate to cope with a problem within Congress' power to regulate, Congress may create new "public rights" and remedies by statute and commit the enforcement of these "public rights" to agencies. *Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442 (1977). Still, the "public rights" exception to the Seventh Amendment does not apply to a novel statutory regime where "the statutory claims are akin to common law claims." *Sec. & Exch. Comm'n v. Jarkesy*, 144 S. Ct. 2117, 2139 (2024).

36. The General Duty Clause of the OSH Act Section 5(a)(1) - provides: each employer "shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. §654(a)(1). The General Duty Clause in essence is a codification of common law negligence. *See Markut v. Verizon N.Y. Inc. (In re World Trade Ctr. Lower Manhattan Disaster Site Litig.)*, 758 F.3d 202, 210 (2d Cir. 2014) ("Codifying common law negligence, New York Labor Law § 200 provides for a general duty to protect the health and safety

of employees."). To the extent *Atlas Roofing* is still good law, the decision is not controlling as to the alleged General Duty Clause violation set forth in the Citation.

37. Additionally, and in the alternative, the Supreme Court's decision in *Jarkesy* overruled *Atlas Roofing* and abrogated the "public rights" exception to the Seventh Amendment. Therefore, because this action arises out of the government's attempt to enforce a civil penalty, Flying A is entitled to trial by jury.

**B.    OSHRC's Appointment of Administrative Law Judges is Unconstitutional.**

38. The Appointments Clause in Article II of the United States Constitution reads as follows:

> "[The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. CONST., Art. II, § 2, cl. 2.

39. "The Appointments Clause of Article II is more than a matter of etiquette or protocol." *Edmond v. United States*, 520 U.S. 651, 659 (1997).

40. The OSH Act treats Administrative Law Judges as Inferior Officers whose appointment does not require the advice and consent of Senate. 29 U.S.C. § 661. However, the provision violates the Appointments Clause because the Administrative Law Judges are are not appointed by one of the "Heads of Departments."

41. OSHRC's Administrative Law Judges are inferior officers. *Lucia v. Sec. & Exch. Comm'n*, 138 S. Ct. 2044 (2018). Therefore, they must be appointed by the "Head" of a Department. U.S. CONST., Art. II, § 2, cl. 2. In the instant case, Congress vested the Chairman of OSHRC with the authority to appoint Administrative Law Judges. 29 U.S.C. § 661(e). However,

9

the Chairman is not one of the "Heads of Departments" for two reasons. First, OSHRC is not "like Cabinet-level department" and therefore, is not a "Department" for purposes of the Appointments Clause. *See Freytag v. Commissioner*, 501 U.S. 868, 915 (1991). Because OSHRC is not a "Department," the Chairman does not qualify as one of the "Heads of the Department" envisioned by the Appointment Clause, and Congress' decision to vest the Chairman with the authority to appoint administrative law judges is unconstitutional. Second, assuming arguendo OSHRC is a "Department" for purposes of the Appointments Clause, the Chairman is not the "Head" of that department. Instead, all three OSHRC Commissioners acting collectively are the "Head" of the department and vesting appointment authority in the Chairman alone violates the Appointments Clause.

### C. For Cause Removal of OSHRC Commissioners and Administrative Law Judges Violates Separation of Powers.

42. "The power to remove inferior executive officers, like that to remove superior executive officers, is an incident of the power to appoint them, and is in its nature an executive power." *Myers v. United States*, 272 U.S. 52, 161 (1926). "Since 1789, the Constitution has been understood to empower the President to keep these officers accountable - by removing them from office, if necessary." *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 483 (2010). Thus, limiting the President's power to remove principal offers generally runs afoul of Article II of the United States Constitution. *See* US CONST. Art. II, §§ 1, 3 ("The executive Power shall be vested in a President of the United States of America," who must "take Care that the Laws be faithfully executed.").

43. However, there are two recognized exceptions to this rule. *See Humphrey's Executor v. United States*, 295 U.S. 602 (1935); *Morrison v. Olson*, 487 U.S. 654, (1988). "*Humphrey's Executor* permitted Congress to give for-cause removal protections to a

multimember body of experts, balanced along partisan lines, that performed legislative and judicial functions and was said not to exercise any executive power." *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 216 (2020). *Morris* authorizes Congress to provide for-cause removal protections for <u>inferior</u> officers "with limited jurisdiction and tenure and lacking policymaking or significant administrative authority." 487 U.S. at 691.

44. In establishing OSHRC, Congress limited the President's authority to remove Commissioners providing that they could only be removed for "inefficiency, neglect of duty, or malfeasance in office." 29 U.S.C. § 661(b). This limitation on Presidential power is unconstitutional. *Humphrey's Executor* does not apply because OSHRC is not balanced along partisan lines and OSHRC undeniably exercises executive (and judicial) power. *Morris* does not apply because Commissioners are not inferior officers and they have significant administrative authority.

45. Like Commissioners, OSHRC's administrative law judges are subject only to "for cause" removal. *See* 29 U.S.C. § 661(k). However, the administrative law judges serve sufficiently important executive functions such that the restriction on their removal takes away the President's ability to take care that the laws are faithfully executed. *See Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), *aff'd on other grounds*, 144 S.Ct. 2117 (June 27, 2024).

**D.  OSHRC's Lack of Quorum Denies Flying A its Right to Due Process of Law.**

46. The Fifth Amendment to the United States Constitution provides "No person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend V.

47. The due process clause guarantees, that at a minimum, a party is entitled to the opportunity to be heard "at a <u>meaningful</u> time and in a <u>meaningful</u> manner." *Barry v. Barchi*, 443 U.S. 55, 66 (1979) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (emphasis added).

48. The failure of an agency to comply with the procedural safeguards promulgated by Congress constitutes arbitrary and capricious conduct that denies a party it's constitutionally guaranteed right to due process of law. *See Accardi v. Shaughnessy,* 347 U.S. 260 (1954) (holding that Attorney General's decision to exercise discretionary authority to deport an alien before the case was reviewed by the Board of Immigration Appeals violated the due process clause).

49. By statute, the OSHRC is composed of three members appointed by the President with the advice and consent of the Senate. 29 U.S.C. § 661(a). For the purpose of carrying out its functions, two members of OSHRC shall constitute a quorum and official action can be taken <u>only</u> on the affirmative vote of at least two members. 29 U.S.C.A. § 661(b).

50. The administrative review process, mandated by statute, begins with a hearing before an Administrative Law Judge appointed by OSHRC's Chairperson. 29 U.S.C. § 661(j). The Administrative Law Judge makes a determination and reports his or her determination to OSHRC. *Id.* The report of the Administrative Law Judge becomes the final order of OSHRC within thirty days of the report, unless an OSHRC Commissioner directs that the report be reviewed. *Id.*

51. Final orders, and only final orders, of OSHRC are subject to review in the United States Courts of Appeals if a party files a petition for review within sixty (60) days of OSHRC's Order. 29 U.S.C. § 660(a).

52. Currently, Cynthia L. Attwood is the only duly appointed Commissioner at OSHRC. Thus, it is undisputed that OSHRC does not have a quorum and, therefore, cannot act. Because OSHRC cannot act, it cannot issue final orders vesting the United States Courts of Appeals with jurisdiction to review.

53. Because OSHRC lacks a quorum, any action it takes is *per se* invalid and divests the Courts of jurisdiction to review its decisions, thereby denying Flying A it's constitutionally guaranteed right to <u>meaningful</u> judicial review. *See New Process Steel v. N.L.R.B.*, 560 U.S. 674 (2010).

## CAUSE OF ACTION
### (Declaratory Judgment and Injunctive Relief)

54. Flying A restates and incorporates by reference each and every allegation of the preceding paragraphs.

55. An actual case and controversy exists within this Court's jurisdiction and, therefore, the Court may declare the rights and other legal relations amongst the parties.

56. OSHRC's ongoing review proceeding against Flying A is unconstitutional because: (1) it denies Flying A its Seventh Amendment right to a trial by jury as to claims for civil penalties where the statutory claims are akin to common law claims; (2) OSHRC's administrative law judges are not appointed by the "Head" of a "Department" in violation of the Appointments Clause in Article II of the United States Constitution; (3) "for cause" removal of OSHRC Commissioners and administrative law judges unduly restricts the President's ability to take care that the laws are faithfully executed; and (4) OSHRC's lack of quorum divests the Circuit Courts of Appeals of jurisdiction to review its decisions, thereby denying Flying A it's constitutionally guaranteed right to meaningful judicial review.

57. Without injunctive relief from this Court, Flying A will be required to submit to an unconstitutional proceeding. This in and of itself constitutes irreparable harm to Flying A unless OSHRC and the DOL are enjoined.

58. Furthermore, if OSHRC, upon recommendation from the Administrative Law Judge, finds against Flying A, the harm to Flying A will be severe and irremediable.

59. OSHRC's conduct has caused and will continue to cause Flying A to suffer immediate and irreparable harm by annulling its Constitutional right to Due Process. No money damages can remedy this harm, and Flying A has no legal avenue by which to recover any money damages against OSHRC. Moreover, OSHRC's administrative proceeding is not speculative it is currently happening.

60. Flying A has a substantial likelihood of success on the merits of its claims. The harm to Flying A far outweighs the harm, or even inconvenience, to OSHRC and the DOL, if such relief is granted. Flying A has filed this action as early in the proceeding as possible, promptly after initiation of the OSHRC proceedings, and before any substantial government resources or time has been expended on the prosecution of the administrative proceeding. Finally, the grant of an injunction will serve the public interest by protecting Americans' constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Flying A Pumping Services, LLC respectfully request that this Court enter judgment in its favor and against Defendants as follows:

a. Declare that Flying A is entitled to trial by jury;

b. Declare that OSHRC's structure is unconstitutional;

c. Declare that OSHRC's administrative adjudication procedures are unconstitutional;

d. Enjoin Defendants from continuing administrative enforcement actions against Flying A;

e. Award Flying A its reasonable costs incurred in bringing this action; and

f. Award such other and further relief the Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C**

<u>/s/ *John D. Surma*</u>
John D. Surma
Texas SBN: 2403366
Ryan Swink
Texas SBN: 24107940
One Allen Center
500 Dallas, Suite 2100
Houston, Texas 77002
Telephone: 713.655.0855
Facsimile: 713.655.0020 (Fax)
john.surma@ogletree.com
ryan.swink@ogletree.com

***Counsels for Plaintiff Flying A Pumping Services, LLC***